FILED by KS D.C.

Jul 16, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-60199-CR-MARRA/VALLE

18 U.S.C. § 1349
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

MARCGENSON MARC,

        **Defendant.**
_____/

## INFORMATION

The Acting United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP

loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

3. Businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses. In general, an employer is obligated to report to the Internal Revenue Service ("IRS"), with an IRS Form 941, the number of salaried employees who receive IRS W-2s.

4. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

5. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

## The Financial Institutions

6. Bank 1 was a financial institution based in Salt Lake City, Utah, that was insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 1 was an approved SBA lender of PPP loans.

7. Bank 2 was a financial institution based in Fort Lee, New Jersey, that was insured by the FDIC. Bank 2 was an approved SBA lender of PPP loans.

8. Bank Processor 1 was a third-party company processor, based in Redwood City, California, that processed PPP loan applications through a server located in Northern Virginia for Bank 1 and Bank 2. Small businesses seeking PPP loans could apply electronically through Bank Processor 1 for PPP loans. Bank Processor 1 would review the loan application and, if approved, a partner bank disbursed the loan funds to the applicant.

### The Defendant, Related Entities, and Individuals 1 and 2

9. **MARCGENSON MARC** was a resident of Broward County, Florida.

10. Wally Dorlus, a resident of Broward County, Florida, was a registered tax preparer.

11. Company 1 was a Florida corporation with its listed principal address in Miami Beach, Florida.

12. Company 2 was a Florida limited liability company with its listed principal address in Lauderhill, Florida.

13. Individual 1, a resident of Broward County, Florida, was a manager of Company 2.

### CONSPIRACY TO COMMIT BANK FRAUD AND WIRE FRAUD
### (18 U.S.C. § 1349)

From in or around May 2020, through in or around August 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**MARCGENSON MARC,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Wally Dorlus, Individual 1, and with others known and unknown to the United States, to commit offenses against the United States, that is:

      a.      to knowingly, and with the intent to defraud, execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, which scheme and artifice would employ a material falsehood, and to knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2); and

      b.      to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

14. It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendants' and co-conspirators' personal use, the use and benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

15. **MARCGENSON MARC**, Wally Dorlus, Individual 1, and other co-conspirators submitted and caused the submission of fraudulent PPP loan applications for Companies 1 and 2, and other entities, via interstate wire communications, through Bank Processor 1's online portal.

16. **MARCGENSON MARC**, Wally Dorlus, Individual 1, and other co-conspirators submitted and caused to be submitted numerous false and fraudulent documents and made false and fraudulent representations in support of the PPP loan applications. Namely, the co-conspirators submitted and caused to be submitted falsified payroll-tax forms that falsely stated the borrowing entities' number of employees and amount of monthly payroll, all intended to make it appear that the applicants qualified for the PPP loan program and were supposedly entitled to loans in excess of what they otherwise may have been entitled under the PPP program.

17. **MARCGENSON MARC**, Individual 1, and other co-conspirators recruited co-conspirators to submit additional fraudulent PPP loan applications, often in exchange for kickbacks from the proceeds received through the fraudulently obtained PPP loans.

18. As a result of such false and fraudulent PPP loan applications submitted to Bank Processor 1 as part of this scheme, Bank 1 and Bank 2 disbursed millions of dollars in PPP loan proceeds to depository accounts held by Company 1, Company 2, and other accomplices and co-conspirators. Thereafter, **MARCGENSON MARC**, Wally Dorlus, and others received kickbacks in the amount of approximately 10% to 25% of the loan proceeds.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **MARCGENSON MARC**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

[REMAINDER OF PAGE INTENTIONALLY BLANK.]

4.      All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY


_____
STEPHANIE HAUSER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | |
| MARCGENSON MARC, | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| _____Defendant._____ / | **Superseding Case Information:** |

**Court Division:** (Select One)  
☐ Miami ☐ Key West ☑ FTL  
☐ WPB ☐ FTP

New defendant(s) ☐ Yes ☐ No  
Number of new defendants _____  
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days        ☑
   II   6 to 10 days      ☐
   III  11 to 20 days     ☐
   IV   21 to 60 days     ☐
   V    61 days and over  ☐

   (Check only one)
   Petty        ☐
   Minor        ☐
   Misdemeanor  ☐
   Felony       ☑

6. Has this case previously been filed in this District Court? (Yes or No) No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) Yes
   If yes: Magistrate Case No. 21-mj-06175-PMH
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) No
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) No
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) No

_/s/ Stephanie Hauser_
STEPHANIE HAUSER
Assistant United States Attorney
FLA Bar No.      92765

\*Penalty Sheet(s) attached                                              REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MARCGENSON MARC

**Case No:** _____

Count #: 1

Conspiracy to Commit Bank and Wire Fraud

Title 18, United States Code, Section 1349

* **Max. Penalty:**     30 years' imprisonment

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the

SOUTHERN DISTRICT OF FLORIDA

| United States of America | ) | |
| :--- | :--- | :--- |
| v. | ) | Case No. 0-21-mj-06175-PMH-2 |
| Marcgenson Marc | ) | |
|  | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: 04 / 09 / 2021

*Defendant's signature*

*Signature of defendant's attorney*

Robert I. Mandell, Esquire

*Printed name of defendant's attorney*

*Judge's signature*

*Judge's printed name and title*